*CITIZENS NATIONAL BANK OF CINCINNATI v. CINCINNATI (CITY)

**Municipality without Power to Reissue Lost Bond.**
   A municipality is without power to reissue one of its negotiable bonds which has been lost by the owner, and such power can not be conferred by decree of court.

*Paxton, Warrington and Seasongood,* for plaintiff in error.
*Geoffrey Goldsmith,* for defendant in error.

### GIFFEN, P., J.

The question presented by the record is whether a municipal corporation or its officers may be compelled by a court of equity to issue a bond, negotiable by delivery, or a non-negotiable bond, in place of its negotiable bond lost by the owner. The answer depends upon the power, expressed or implied, of the municipality to voluntarily do what it is sought to accomplish by decree of court, for otherwise the order of the court would be legislative rather than judicial.

---

*Affirming Citizens Nat. Bank v. Cincinnati, 19 Dec. 685.

It is well settled in this state that a municipal corporation can exercise such powers only as are expressly conferred or necessarily implied. The power to issue the original bond, which is now lost, was derived, not by implication from the express power to borrow money, but from legislative grant. The General Assembly has thus recognized, what has been judicially determined, that the power to issue bonds negotiable by delivery may not be implied from the right to borrow money. In the case of *Muskingum Co. (Comrs.)* v *State,* 78 Ohio St., 302 [85 N. E. 562], the Supreme Court, speaking through Summers, J., has said:

"The power to issue bonds, or other negotiable securities, is not necessarily incident to a power expressly conferred upon a municipal corporation to borrow money, but generally the one power as well as the other must be expressly granted."

This being so, it follows that when bonds are once issued, the power is exhausted unless a reissue is made in lieu of the original bonds only when surrendered and canceled. This power of reissue is recognized and conferred by statute. Section 3928 G. C. (Act. 97 O. L. 516), provides as follows:

"Municipal corporations may, on demand of the owner or holder of any of its coupon bonds heretofore or hereafter issued, issue in lieu thereof a registered bond or bonds, of the corporation, not exceeding in amount the coupon bonds offered in exchange. No registered bonds shall be issued by a municipal corporation, until the bonds and coupons offered in exchange shall have been canceled or destroyed."

While this section does not expressly authorize a reissue of bonds negotiable by delivery in place of like bonds surrendered and canceled, yet under certain circumstances the authority may fairly be implied. Suppose, for example, that such bonds were, by accident, so mutilated that although their identity was preserved their negotiable quality was destroyed. In such case it can hardly be doubted that upon surrender and cancellation of the bonds, like evidence of indebtedness could lawfully be issued. The exercise of such power would be merely in aid of or a fulfillment of the original power expressly granted. The weakness of the case presented by the petition consists in requiring the

city through its officers to issue its bond, whether negotiable by delivery or otherwise, in lieu of an outstanding negotiable bond. It may be, and probably is true, that the security offered would be ample protection against loss by reason of the presentment for payment of the lost bond by a third party, and therefore impose no serious burden nor inconvenience upon the city; but that fact does not avoid the objection of a want of power to do the act in question. It might with equal force be urged that a municipality can not lawfully refuse to pay for material furnished to and used by it; yet there can be no recovery, unless the same was supplied under a contract made in the mode provided by statute.

It is true that the bank could be deprived of the privilege of negotiating the bond; but it will ultimately sustain no other loss, as an action at law may be maintained upon the interest coupons and the bond itself as they severally mature. The difficulty of perpetuating the testimony is met by Sec. 5873 to 5879 R. S. (Secs. 12216 to 12222 G. C.)

If the owner of the lost bond were an individual, a greater hardship might result than can or will be suffered by the plaintiff; but in either case the courts are powerless to supply that which is clearly a subject for legislation.

It follows, therefore, that the court properly sustained the demurrer to the petition, and the judgment dismissing the same will be affirmed.

SMITH and SWING, JJ., concur.